F I L E D
CLERK OF COURT
2025 SEP 15 PM 4: 34
SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>FREDDY CUEVAS SUSUICO,<br>DOB: 10/27/1976<br><br>Defendant. | CRIMINAL CASE NO. **CF0490-24**<br>GPD Report Nos. 24-14701/24-14874/24-14884<br><br>**DECISION & ORDER**<br>**RE: DEFENDANT FREDDY CUEVAS**<br>**SUSUICO'S MOTION IN *LIMINE* TO**<br>**PROHIBIT USE OF DEFENDANT'S**<br>**STATEMENTS AT TRIAL** |

This matter came before the Honorable Alberto E. Tolentino on June 17, 2025, for a Motion Hearing. Defendant Freddy Cuevas Susuico ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Grant Olan was present for the People of Guam ("People"). At this Motion Hearing, the parties were before the court to address Defendant's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial, which was filed on April 28, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** Defendant Freddy Cuevas Susuico's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial.

\\

\\

## BACKGROUND

On July 19, 2024, the People charged the Defendant via Indictment for the following offenses: (1) Three Counts of COMPLICITY TO COMMIT BURGLARY (As a 2nd Degree Felony) with a Notice of Commission of a Felony while on Felony Release; and (2) Three Counts of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Indictment (July 19, 2024). On October 29, 2024, the People subsequently filed a Superseding Indictment for the same offenses, but also attaching the Notice of Commission of a Felony while on Felony Release to the Second Charge of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Superseding Indictment (Oct. 29, 2024).

In anticipation for Jury Selection and Trial, which was previously scheduled for June 16, 2025, the Defendant filed seven motions. On January 6, 2025, the Defendant filed his Motion to Suppress Evidence, including all allegedly involuntary statements made by the Defendant to law enforcement; and all unrecorded (through video or audio) statements made by the Defendant to law enforcement. *See* Mot. Suppress (Jan. 6, 2025). The People filed its Opposition in response to the Motion to Suppress on January 17, 2025. *See generally* Ppl.'s Opp'n Suppress (Jan. 17, 2025).

The Defendant later filed the following motions on April 28, 2025: (1) Defendant Freddy Cuevas Susuico's Motion to Dismiss Indictment; (2) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Prohibit Defendant's Statements at Trial ("Motion to *Limine*"); (3) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Mug Shots; (4) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release; and (6) Defendant Freddy Cuevas Susuico's

Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025.

Despite proper service that was effectuated for these motions in *limine*, the People had filed no responses as of the Motion Hearing, which was previously scheduled for May 28, 2025. As a sanction for the People's failure to timely file responses to the Defendant's motions in *limine*, the court barred any oral argument form the People at the continued Motion Hearing scheduled for June 17, 2025. *See* Mot. Hr'g Mins. at 10:29:46 – 32:04AM (May 28, 2025). However, the court permitted the People leave of court to file late responses to the Defendant's motions no later than close of business on June 4, 2025. *Id.*[1]

In accordance with the court's new deadline, the People filed the following responses to the Defendant's motions mentioned above: (1) People's Opposition to Defendant's Motion to Dismiss Indictment; (2) People's Opposition to Defendant's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial ("People's Opposition"); (3) People's Non-Opposition to Defendant's Motion in *Limine* to Exclude Mug Shots (4) People's Opposition to Defendant's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) People's Opposition to Defendant's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release; and (6) People's Opposition to Defendant's Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025.

---

[1] If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver."). Despite the People's failure to timely file responses in this case, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27–28.

In his Motion in *Limine*, the Defendant believes that his statements to police are inadmissible under Guam Rule of Evidence 403, because he made them while experiencing painful injuries by arresting officers. *See* Def.'s Mot. *Limine* Statements at 1–2 (Apr. 28, 2025). The Defendant added that despite notifying officers of his pain, Officer Lorenzo "had him waive his Miranda rights," which led to questioning of incidents unrelated to those in this case. *Id.* at 2. Additionally, the Defendant also moved to exclude the officers' statements to him and their beliefs, because they are not relevant under Guam Rule of Evidence 402. *Id.* In response, the People indicated that the police used reasonable, physical force in response to the Defendant's resistance to detention. *See* Ppl.'s Opp'n Statements (June 4, 2025). Additionally, the People state that the Defendant waived his rights through the Custodial Interrogation Rights Form, which he signed between two to three hours after the physical encounter and after being treated by medics with the Guam Fire Department. *Id.*

On June 17, 2025, all parties were present before the court to address the Defendant's pending motions in this case. At the Motion Hearing, the Defendant clarifies that the specific statements at issue in this case are statements made in his other criminal case, CF0492-22. *See* Mot. Hr'g Mins. at 3:23:53 – 24:57PM (June 17, 2025). After hearing arguments on all motions, the court took the Motion in *Limine* under advisement.

## DISCUSSION

### A. Defendant Susuico's Statements to Guam Police Department Officers in CF0492-22

The Defendant argues that the court must exclude his statements made to police in CF0492-22 on several bases: (1) they are not relevant under GRE 401; (2) they were involuntarily made after being attacked and being given the waiver form by the same officer that attacked him; (3) they are inadmissible GRE 404(b) evidence; and (4) they are more prejudicial than probative

under GRE 403. *See* Mot. Hr'g Mins. at 3:18:50 – 22:30PM (June 17, 2025). Because this is a Motion in *Limine*, and not a motion to suppress, the court is reluctant to analyze whether the Defendant's statements are inadmissible as a violation of the Defendant's fifth amendment rights. Therefore, the court will review the Defendant's arguments for exclusion under GRE 401, 404(b), and 403.[2]

*(1) Admissibility under GRE 401*

First, the Defendant's statements to Guam Police Department Officers ("GPD Officers") in CF0492-22 must be deemed relevant under GRE 401. Under GRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401.

While not argued in his written Motion in *Limine*, the Defendant indicated at the Motion Hearing that it is still not clear how the Defendant's statements in CF0492-22 are relevant. *See* Mot. Hr'g Mins. at 3:18:50 – 22:30PM (June 17, 2025). Specifically, the Defendant argued that his CF0492-22 statements to GPD Officers do not make it more or less likely that he committed the offenses in this case. *Id.*

While denying the opportunity to make oral arguments at the Motion Hearing for reasons stated earlier, the court permitted the People to file an untimely response to the Motion in *Limine*. Although the People quote the specific statements at issue in this Motion in *Limine*, the reasons for why the court should deny the Motion in *Limine* are articulated in the context of a *Motion to Suppress. See generally* Ppl.'s Opp'n Statements (June 4, 2025). Rather than speak to the

---

[2] At this time, the court declines to extend this Decision and Order towards any direct or indirect statement made by the Defendant *that was not specified* in the Defendant's Motion in *Limine*, the People's Opposition, or the Defendant's oral argument at the Motion Hearing.

statements' initial relevance, which is necessary for admission at trial, the People argue as to why the Defendant's statements were made voluntarily and should not be suppressed. *Id.* at 5–7.

The standard for determining whether evidence is relevant under 401 is low; simply asking whether the evidence has something to do with the claims or defenses in the case. Similar to the second charge of THEFT BY RECEIVING (As a 2nd Degree Felony) in this case, the Defendant was charged in relevant part with: thirteen counts of THEFT BY RECEIVING (As a 2nd Degree Felony) under the first charge; eight counts of THEFT BY RECEIVING (As a 2nd Degree Felony) under the second charge; and two counts of BURGLARY (As a 2nd Degree Felony) under the third charge. *See People v. Susuico,* CF0492-22 (Superseding Indictment at 1–8 (Oct. 29, 2024)).[3]

Under GRE 401's low standard of proof, the court finds that the Defendant's theft-related acts within CF0492-22 make it more or less probable that he committed the theft-related offenses subsequently charged in this 2024 case. Therefore, the Defendant's statements regarding his pain or other incriminating statements in CF0492-22 are relevant under GRE 401.

*(2) Admissibility under GRE 402 and 404(b)*

The next rules for the court to review are GRE 402 and 404(b). GRE 402 states that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Evidence which is not relevant is not admissible.

Guam R. Evid. 402. In this case, the Defendant argues that GRE 404(b) is the other rule of evidence that would prevent this relevant evidence's admissibility at trial.

\\

---

[3] Although the Superseding Indictment contains a total of six (6) charges in CF0492-22, the court will only focus on the theft-related offenses.

GRE 404(b) states the following purposes where evidence of other crimes, wrongs, or acts are admissible at trial:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Guam R. Evid. 404(b). Under this evidentiary rule, "[e]vidence of other crimes or acts is admissible . . . 'except where it tends to prove *only* criminal disposition,'" *People v. Sablan,* 2023 Guam 4 ¶ 68 (quoting *United States v. Ayers,* 924 F.2d 1468, 1473 (9th Cir. 1991) (citation omitted)).

As of the Motion Hearing on June 17, 2025, the People filed no notice of intent to use 404(b) evidence. However, the People filed its Notice of Intent to Use 404(b) Evidence ("People's Notice") on August 18, 2025, while this Motion in *Limine* was under advisement. In regards to whether notice is considered reasonable, the Defendant states that if the People are aware of information, and it is within its possession for a long period of time, it is not reasonable to submit notice of intent to use 404(b) evidence weeks before trial. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025).

While the Defendant reminds the court of his determination of what constitutes as reasonable notice, the court notes that it vacated the most recent trial date to address the Defendant's pending motions. *See* Mot. Hr'g Mins. at 10:17:50AM (May 28, 2025). Without a trial date set, the court finds that the People's Notice is reasonable. Should the Defendant need more time to review such 404(b) evidence and file the appropriate motions relating to it, he may do so in anticipation of trial.

In the People's Notice, the People state its intent to introduce evidence of the Defendant's crimes, wrongs, or other acts in CF0492-22 "to prove his motive, intent, plan, knowledge, or absence of mistake or accident to commit Theft by Receiving (as a Second-Degree Felony)." Ppl.'s Notice at 1 (Aug. 18, 2025). It is noteworthy that the People indicate that it "will not solicit evidence that the Defendant was criminally charged for the Rule 404(b) evidence, unless the defense opens the door for that information to come in." Ppl.'s Notice at 4. Because the People only provide notice with respect to the Defendant's acts in CF0492-22 in relation to only the second charge in this case, the court will restrict its discussion in such way to determine whether this evidence is admissible under GRE 404(b).

To determine whether the Defendant's prior bad acts in CF0492-22 are admissible to prove motive, intent, plan, knowledge, or absence of mistake or accident to commit THEFT BY RECEIVING in this 2024 case, this court seeks guidance through the Guam Supreme Court's application of the four-part test under *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994). *See People v. Sablan*, 2023 Guam 4 ¶ 69. "Evidence of a prior bad act is admissible under GRE 404(b) when the People establish 'that the evidence (1) proves a material element of the crime currently charged; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote in time." *Id.* (quoting *People v. Camaddu*, 2015 Guam 2 ¶¶ 12, 47).

In regards to the first *Hinton* element, the People's Notice states that the Defendant's prior bad acts in CF0492-22 prove a material element of the crime currently charged, because his prior bad acts "constitute the same exact offense for which he is charged with in the instant matter." Ppl.'s Notice at 3. The court agrees that evidence relating to the THEFT BY RECEIVING charge in CF0492-22 could be offered to prove a lack of mistake or accident that the Defendant

intentionally received movable property of another knowing it was stolen or believing that it was probably stolen in this case. Therefore, the first *Hinton* element is met.

The People state that the second *Hinton* element is met, because the Defendant's THEFT BY RECEIVING charge in CF0492-22 constitutes the exact same offense for which he is charged with in this case. *See* Ppl.'s Notice at 3. In this case, the Defendant was charged on three separate occasions with "intentionally receiv[ing], retain[ing], or dispos[ing] movable property of ***Finnegayan Elementary School***, that is ***inventory of school equipment***, knowing that it had been stolen or believing that it has probably been stolen, the amount involved exceeding $1,500.00, in violation of 9 GCA §§ 43.50(a) and 43.20(a)." Indictment (July 19, 2024).[4] In CF0492-22, the Defendant was similarly charged on twenty (20) separate occasions with intentionally receiving, retaining, or disposing the movable property of a named victim, in an amount exceeding $1,500.00, knowing that it had been stolen or believing that it has probably been stolen in violation of 9 GCA §§ 43.50(a) and 43.20(a). *See People v. Susuico*, CF0492-22 (Superseding Indictment at 1–8 (Oct. 29, 2024)). Seeing that both offenses charged him in violation of the same statute, the court finds that the Defendant's statements over his conduct relating to the THEFT BY RECEIVING charge in CF0492-22 is sufficiently similar to the conduct in this case. Therefore, the second *Hinton* element is met.

As to the third *Hinton* element, the People state that "the fact that the Defendant was criminally charged via indictment for the prior bad acts shows that they were based on sufficient evidence." Ppl.'s Notice at 3. Upon the court's review, the Honorable Vernon P. Perez granted the dismissal of the following counts attached to the Defendant's first and second charges of

---

[4] "A person is guilty of *theft* if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen. It is a defense to a charge of violating this Section that the defendant received, retained or disposed of the property with intent to restore it to the owner." 9 GCA § 43.50(a).

THEFT BY RECEIVING (As a 2nd Degree Felony): First Charge of THEFT BY RECEIVING (As a 2nd Degree Felony), Counts One, Two, and Four; and Second Charge of THEFT BY RECEIVING (As a 2nd Degree Felony) Counts One, Two, Three, Four, and Five of the Superseding Indictment. *People v. Susuico*, CF0492-22 (Dec. & Order at 4 (Apr. 23, 2025)). However, this court also reviewed the three Motion Hearings before the Honorable Vernon P. Perez in CF0492-22 where the two officers within Guam Police Department No. 22-19381 testified as to the Defendant's incriminating statements and the physical altercation at issue in the Motion in *Limine* in this case – GPD Officers Donny Pangelinan and Nate Lorenzo.[5] Therefore, the court finds that the third *Hinton* element is met with respect to the remaining counts of THEFT BY RECEIVING (As a 2nd Degree Felony) in CF0492-22.

The People state that the offenses are not too remote in time, because the Defendant was charged in CF0492-22 and CF0490-24 "between a span of just three years." Ppl.'s Notice at 4. In this case, the Defendant's bad acts in CF0492-22 were originally indicted approximately two (2) years prior to the offenses charged in this 2024 case. *See Hinton*, 31 F.2d at 823 (holding that two years is not too remote in time). Therefore, the court finds that the fourth *Hinton* element is met.

Because all four elements under *Hinton* have been met, the court finds that evidence of the Defendant's prior bad acts surrounding his THEFT BY RECEIVING charge in CF0492-22 are admissible under GRE 404(b).

### (3) Admissibility under GRE 402 and 404(b)

"As an 'umbrella rule,' Rule 403 excludes unfairly prejudicial evidence regardless of the underlying admission rule." *People v. Sablan*, 2023 Guam 4 ¶ 90 (quoting *Coleman v. Home*

---

[5] *See generally People v. Susuico*, CF0492-22 (Mot. Hr'g Mins. at 3:22:44 – 4:42:55PM (June 24, 2025)); *see also People v. Susuico*, CF0492-22 (Mot. Hr'g Mins. at 4:26:57 – 5:18:06PM (July 2, 2025)); *see also People v. Susuico*, CF0492-22 (Mot. Hr'g Mins. at 11:26:46 – 12:12:45PM (July 7, 2025)).

*Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002) (citation omitted)). In other words, all relevant evidence must be sifted through a balancing test under GRE 403.

Under this balancing test, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Guam R. Evid. 403. Because all relevant evidence is prejudicial against a defendant, GRE 403 asks us to look at whether the evidence is *substantially* prejudicial before granting exclusion at trial.

In his Motion in *Limine*, the Defendant argues the use of the Defendant's statements to police would be "highly prejudicial in that [the] Defendant suffered severe injury at the hands of law enforcement just prior to his interrogation and [the] Defendant repeatedly informed law enforcement that he was experiencing pain as a result thereof." Def.'s Mot. *Limine* Statements at 1. In its notice, the People state that "any prejudice will be mitigated by the defense's cross-examination of the witnesses and could be further mitigated by a jury instruction on the proper use of Ruel 404(b) evidence." Ppl.'s Notice at 4. While this evidence is prejudicial against the Defendant, such evidence can only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

As it has done in previous trials where GRE 404(b) evidence was presented to a jury, the court agrees that the Defendant's cross-examination of witnesses and a limiting jury instruction, which the parties review before presenting it to the jury, will diminish any substantial prejudice or confusion of the issues. Therefore, the court finds that the Defendant's statements surrounding the THEFT BY RECEIVING charge in CF0492-22 is admissible under GRE 403 at this time.

\\

## B. The Guam Police Department Officers' Beliefs and Statements to Defendant Susuico

As to the Defendant's argument under GRE 402, the Defendant argues that "the officers' statements to the [D]efendant and their beliefs are not evidence and should be excluded." Def.'s Mot. *Limine* Statements at 2 (June 4, 2025). Additionally, the Defendant also believes that "[a]ny attempts by the officers to reconstruct the events in the course of questioning Mr. Susuico also should be excluded." *Id.*

Although the Defendant concludes that this evidence is irrelevant, the court should first look at whether the officers' statements or beliefs meet the definition of relevant evidence under GRE 401 above. Because the Defendant is charged with committing a felony in *this* case while in felony release in CF0492-22, the officers' statements and beliefs in CF492-22 make it more or less probable that the Defendant committed a felony while on felony release as charged in this case. Because the court finds that this evidence is relevant under GRE 401, the Defendant would need an alternative rule of evidence that would warrant the exclusion of this otherwise relevant evidence.[6] However, the Defendant only articulated the exclusion of the police's statements to him under GRE 402.

Although the admission of any of the police's statements, either made to the Defendant or as a reconstruction of the events in this case, remain subject to the Guam Rules of Evidence, the court finds that exclusion of such statements under GRE 402 is not appropriate at this time.

\\

\\

---

[6] In his Motion, the Defendant cites *People v. Reyes*, 2020 Guam 33 ¶ 55, to show that police opinions on a defendant's intent cannot be used "to arouse passion of the jury and inflame against a party." *See* Def.'s Mot. *Limine* Statements at 2. However, the Guam Supreme Court in *Reyes* cites federal authority stating that "*[p]rosecutors* may not make comments calculated to arouse the passions or the prejudices of the jury." *People v. Reyes*, 2020 Guam ¶ 55 (quoting *United States v. Koon*, 34 F.3d 1416, 1443 (9th Cir. 1994), rev'd in part on other grounds, 518 U.S. 81 (1996) (emphasis added)). Therefore, *Reyes* is not relevant for purposes of excluding the officers' statements or beliefs regarding Defendant Susuico.

## CONCLUSION

For reasons stated above, the court hereby **DENIES** Defendant Freddy Cuevas Susuico's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial.

**Subject to the party's ability to admit such evidence in accordance with the Guam Rules of Evidence at trial, this court's Decision & Order specifically denies the exclusion of the Defendant's statements to the Guam Police Department Officers, and *vice versa*, surrounding the THEFT BY RECEIVING charge in CF0492-22.**

**SO ORDERED** this **SEP 1 5 2025** .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_OAG &_
_H. Quitugua_
Date: 9|15|25 Time: 4:43

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam